UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOBBY LEE MILES, JR. on his own behalf and all similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ONIN STAFFING, LLC,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>) NO. 3:21-cv-0275<br>)<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class, (Doc. 72), is before the Court. Having considered the Settlement and the record, the Court makes the following findings of fact and conclusions of law:

1. <u>Class Definition</u>: Plaintiff seeks certification, for settlement purposes, of a class defined as:

> All applicants and employees in the United States who were subject to and harmed by an adverse employment action (including, but not limited to, the failure to hire, wrongful termination of employment, wrongful dismissal, or wrongful reassignment) based in whole or in part on their background report but to whom Defendant did not first provide notice and a copy of their background report during the Covered Period from April 4, 2017 through March 23, 2022.
> (Doc. 73-1)

2. **The Settlement Class Meets the Requirements of Rule 23(a).** The Settlement Class is ascertainable based on objective criteria – namely, between April 4, 2017 and March 23, 2022, Defendant obtained each class member's consumer report that led to an adverse employment action of a failure to hire, termination or reassignment. The numerosity requirement is satisfied because there are a minimum of 375 class members. The commonality requirement is satisfied because Plaintiff's claims, and the claims of the Class can be resolved by determining: 1) whether Defendant procured a consumer report for employment purposes; 2) whether such report led to an adverse employment action; and 3) whether Defendant failed to first provide notice and a copy of the report to an applicant or employee before taking adverse action. These questions are common to both Plaintiff and the Class. The Court finds typicality is satisfied because the same policies, practices and procedures applied to Plaintiff and to the class members. The Court finds the Plaintiff to be an adequate class representative. Plaintiff is a member of the Class, possesses the same interest, suffered the same injury, and thus, seeks the same type of relief as the other class members. The record reflects Plaintiff has participated in the action, and no conflicts with the Settlement Class have been identified by the parties.

3. **The Settlement Satisfies the Requirements of Rule 23(b)(3).** The Court finds the core facts common to the Settlement Class all stem from

Defendant's use of consumer reports for employment purposes. The process was standardized for all Class Members. The predominating issue is whether Defendant's practices violated 15 U.S.C. § 1681b(b)(3(A), which requires the person "taking any adverse action based in whole or in part on the [consumer] report" to provide the consumer to whom the report relates, a copy of the report and a description of consumer's rights in writing . . . . This issue is the same as to every Settlement Class Member. There are no other questions requiring individual review or any other pertinent facts requiring an individualized analysis. Moreover, to the extent there are individual issues, questions of law and fact common to the class predominate. For this reason, the Rule 23(b)(3) predominance requirement is satisfied.

The Court finds the superiority requirement is also satisfied because this Settlement resolves the claims of over 375 consumers. Moreover, the amount in controversy for any individual claimant is small, between $100.00 and $1,000.00. *See* 15 U.S.C. § 1681(n). Any member who believes they have suffered additional damages has the right to opt out of the Settlement to pursue their claims on an individual basis.

    4.    **The Court Preliminarily Approves the Settlement.** The Court finds and concludes that the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Based upon the record, the Court finds the interests of the class are

served if the litigation is resolved. If the final Class size is 450 as estimated, the gross award will be $777.77 per person, nearly 78% of the maximum statutory damages available, and the Settlement gross award will be $649.35 at a minimum, nearly 65% of the maximum statutory damages available.

The Court finds the Settlement, which eliminates future costs, delays and risk, to be in the best interest of the Class. Further, the Court finds the following supports preliminary approval of the settlement: Class Counsel's support; sufficient discovery and other information to determine the value of the case; no objections from unnamed Class Members, the Settlement is the product of arms length negotiations; there is no evidence of fraud or collusion and the Settlement is in the public interest.

The Court further finds that any service award of $4,500.00 to Bobby Lee Miles is appropriate for his service to the Class.

5. **Class Counsel will Fairly and Adequately Represent the Class.** The Court finds Marc R. Edelman, Esq. and his firm, Morgan & Morgan P.A. will adequately represent the Settlement Class.

6. **The Proposed Notice Meets the Requirements of Rules 23(c)(2)(B) and (e)(1).** The Court finds the Notice of Proposed Class Action Settlement is satisfactory and complies with Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and comports with due process. Thus, the Court approves the Parties'

proposed Notice and schedule:

| Mailing of Class Notice | 14 days after entry of preliminary approval order |
|---|---|
| Motion for Attorney's Fees | At least 30 days before objection deadline |
| Deadline to file claims | 60 days after date notice is mailed by settlement administrator |
| Objections to settlement and requests for exclusion from settlement | 60 days after date notice is mailed by settlement administrator |
| Motion for final approval and response to objections to settlement | At least 14 days before final fairness hearing |

The hearing for final approval of the settlement on **December 20, 2022,** at 1:00 p.m. and instructs the Parties to include this hearing date, time and location in the Notice to be sent pursuant to the notice plan.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE